Martin, P. J.
(dissenting). The appeal herein was argued on May 1, 1946. On May 6th, upon consultation the court unanimously voted that the judgment and order should be reversed and the application for an allowance denied, with an opinion stating the reasons therefor. On May 9th the appellant’s attorney submitted to the court for entry a proposed order discontinuing the appeal, together with a stipulation for siich discontinuance signed by the attorneys for the respective parties. The parties were informed by the court that a motion for such relief must be made upon affidavits stating the facts before the matter could receive any consideration, and this motion followed.
The moving affidavit made by appellant’s attorney states that after the argument respondent’s attorney requested a settlement, and details the negotiations thereupon had which resulted in an agreement to settle the respondent’s claim for $5,000, and that to that end the following papers were submitted: (1) An assignment of the interest of respondent Murray W. Garsson and his attorney in the interlocutory judgment entered May 7, 1943; (2) satisfaction of the judgment herein appealed from, and (3) the stipulation and order above mentioned. The assignment by respondent’s attorney and the satisfaction were delivered to appellant’s attorney to be held in escrow pending the execution by respondent Murray W. Garsson of the assignment and delivery thereof to appellant’s attorney and delivery to respondent’s attorney of appellant’s check for $5,000. Said affidavit also states the reasons given by respondent’s attorney for requesting such an arrangement. An affidavit by respondent’s attorney avers that the statements in the moving affidavit are true and that he joins in the application.
In my opinion, the facts disclosed do not justify the action taken by the attorneys without the knowledge or sanction of the court. The respondent’s attorney’s affidavit does not state that the reasons he gave were the only reasons he had for seeking the settlement, and the considerations passing between the parties, so far as they are made to appear, do not warrant their preventing the determinatidn which on the argument they had asked for only a few days before. A denial of the motion and a decision of the appeal, as determined upon by the court following the argument, would be in accordance with the practice followed by a distinguished court in Camden Securities Co, v. Azoff *771 (112 N. J. Eq. 27/)), and by this court in two unreported instances within my own recollection. The rule was laid down in the case cited (p. 279) that an appeal “is at all times directly under the control of the court and not to be terminated in any way without the order, permission and sanction of the court, indicated either by the filing of an opinion or by the action of the court on a motion which brings the matter up for such action.” That rule has particular application where, as in the present appeal, there is presented a matter of public importance.
The opinion in that case should be read by every active practicing attorney so that, as stated therein (p. 279), “there may be no misapprehension by practitioners before this court of the correlative rights and duties of court and counsel with respect to the disposition of appeals that are before us.”
I, therefore, dissent and vote for a denial of the motion,, that the opinion written for reversal be handed down and that an order be entered reversing the judgment appealed from and denying the application for an allowance.
Dore, Cohn, Callahan and Peck, JJ., concur in decision; Martin, P. J., dissents in opinion.
Motion granted. Settle order on notice. '